UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

         -v.-                                 ORDER

DAREMUS REYNOLDS,                     No. 20-CR-691 (CS)

                        Defendant.
------------------------------------------------------x

Seibel, J.

     Before the Court is Defendant Daremus Reynolds' "Motion for Expedited Immigration Departure." (ECF No. 15.) Defendant was convicted of illegal entry after deportation and sentenced to 72 months' imprisonment. (ECF No. 14.) That sentence was below the advisory Sentencing Guidelines range of 110-137 months.[1]

     Defendant asks this Court to reduce his sentence by six to twelve months because, as an illegal alien facing deportation, the Bureau of Prisons will not release him to community confinement, as it might if he were not a deportable alien.[2] He relies on cases contemplating the possibility that the collateral consequences of alienage could be grounds for a downward departure at sentencing if they were somehow extraordinary. But there is nothing extraordinary about Defendant's situation, and indeed, *United States v. Restrepo*, 999 F.2d 640, 645 (2d Cir.

---

[1]Defendant was also sentenced to twelve months' imprisonment, to run consecutively, for violating the terms of supervised release imposed as part of the sentence for his prior illegal reentry conviction. *See* No. 15-CR-782, ECF No. 21.

[2]To the extent Defendant argues that illegal aliens' ineligibility for community confinement violates the equal protection clause, the claim is frivolous, because illegal aliens are not similarly situated to other prisoners. *See, e.g., City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (Equal Protection Clause requires government to treat similarly situated people alike).

1993) – the main case on which Defendant relies – rejected ineligibility for relaxed-security facilities as a basis for departure, *see United States v. Mudrik Mwinyi Majaaliwa*, 2017 U.S. Dist. LEXIS 168305, at *4 (E.D.N.Y. Oct. 10, 2017).[3]  Moreover, while *Restrepo* authorizes a downward departure at sentencing, it does not allow for a reduction in an already imposed sentence unless another statute so provides.  *See United States v. Saeed-Watara*, No. 09-CR-118, 2017 WL 627435, at *2 (W.D. Ky. Feb. 15, 2017).

The only potentially applicable such statute is 18 U.S.C. § 3582(c)(1)(A), which permits what is known as "compassionate release."  It allows me to reduce a sentence, after considering the § 3553(a) factors, if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.  But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant bears the burden of showing that the circumstances warrant a

---

[3]The Court will send Defendant copies of any unreported cases cited in this Order.

2

sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

I find no extraordinary or compelling circumstances here.  Defendant's situation is, unfortunately, commonplace.  Further, I was aware, when I imposed the below-Guidelines sentence, that illegal aliens like Defendant are not released to community confinement.

Finally, even if Defendant had shown extraordinary and compelling circumstances, I would still have to consider the § 3553(a) factors.  Those factors – particularly the history and characteristics of the Defendant, the need to promote respect for the law, the need to afford adequate deterrence and the need to protect the public from further crimes – militate against reduction of Defendant's sentence, given his repeated illegal reentries, his eight previous convictions (five of which were for drugs and two of which involved dangerously reckless behavior), and his commission of the instant offense while on supervised release for his prior federal offense.  (*See* ECF No. 43 at 10-11.)

Accordingly, the motion is denied.  The Clerk of Court is respectfully directed to send a copy of this Order to Daremus Reynolds, No. 72387-054, FCI McKean, Federal Correctional Institution, P.O. Box 8000, Bradford, PA 16701.

Dated: May 18, 2023
　　　White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.